IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**F I L E D**

JUN 2 3 2004

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

SHEIRL FLETCHER,

   Plaintiff,

v.              Civil Action No. 1:04 C V 131

CONSOL ENERGY INC.,
a Delaware corporation,

   Defendant.

### NOTICE OF REMOVAL

  Defendant, CONSOL Energy Inc. ("CONSOL"), pursuant to 28 U.S.C. §1441 et seq., files this Notice of Removal and in support thereof states the following:

  1.  The above-entitled action was commenced originally in the Circuit Court of Marion County, West Virginia on or about May 24, 2004 as Civil Action No. 04-C-147 ("state court action"), which action is now pending in that court. The Summons and Complaint, which were duly filed in the Office of the Clerk of the Circuit Court of Marion County, were served upon CONSOL through the Secretary of State on or about May 25, 2004. CONSOL accepted service of the Summons and Complaint from the Secretary of State on May 27, 2004. (A copy of the Complaint is attached as "Exhibit A.")

  2.  Plaintiff is a resident of Monongalia County, West Virginia and is, therefore, a citizen of the State of West Virginia. (Compl. ¶ 1.)

  3.  CONSOL is incorporated in Delaware and maintains its principal place of business in Pittsburgh, Pennsylvania. Thus, there is complete diversity of citizenship between the parties. (See Joseph D. Nypaver Aff. ¶ 4, a copy of which is attached as "Exhibit B.")

4. In her Complaint, Plaintiff does not state a specific damages amount. It is more likely than not, however, that the amount in controversy exceeds the jurisdictional amount set forth in 28 U.S.C.A. § 1332(a). Plaintiff has sued CONSOL, her former employer, on two separate counts: gender discrimination and intentional infliction of emotional distress. Plaintiff has asked the Court to award her the following:

  a. damages for extreme emotional pain and suffering, humiliation, and embarrassment;

  b. damages for loss of enjoyment of life;

  c. compensatory damages for lost wages;

  d. attorneys' fees and costs;

  e. punitive damages; and

  f. such other, further and additional relief as this Court deems just and proper.

(Compl. at p. 4.)

5. Although the *ad damnum* clause of the Complaint does not state a dollar amount, it is clear that Plaintiff, at the time of removal, seeks judgment for past wages and other damages in excess of the jurisdictional amount if she prevails on the merits of her case as presented in the Complaint. Plaintiff's last day of employment by CONSOL was November 15, 2002. Immediately prior to leaving employment at CONSOL, Plaintiff was paid an annual salary of $80,280.00. Additionally, Plaintiff received fringe benefits estimated to be worth approximately 35% of the foregoing base salary. (See Joseph D. Nypaver Aff. ¶¶ 6-9.)

2

6. Thus, despite the fact that Plaintiff failed to state a specific damages amount in her Complaint, it is more likely than not that the amount in controversy exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332(a). This conclusion is bolstered by the fact that Plaintiff is seeking punitive damages, which, if presumably asserted in good faith, are potentially recoverable and serve to augment the amount in controversy and effectively eliminate any ceiling of recovery for purposes of calculating the jurisdictional amount.

7. Federal jurisdiction, therefore, is founded upon diversity of citizenship, 28 U.S.C. § 1332, as this civil action is a matter between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. This Notice of Removal is filed in this Court within thirty (30) days after the receipt by CONSOL, through service or otherwise, of a copy of Plaintiff's Complaint setting forth her claims for relief.

9. CONSOL will, after the filing of this Notice of Removal, promptly give written notice thereof to all adverse parties as required by law, and will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Marion County, West Virginia, as provided by law.

WHEREFORE, Defendant CONSOL Energy Inc. hereby removes the action currently pending in the Circuit Court of Marion County, West Virginia, as Civil Action No. 04-C-147, to this Honorable Court. Pursuant to the provisions of 28 U.S.C. §1446(d), the State Court must proceed no further with this action.

Dated this the 23rd day of June, 2004.

*Jill O. Florio*
Robert M. Steptoe, Jr. (W. Va. Bar ID #3605)
Jill O. Florio (W. Va. Bar ID # #6360))

*STEPTOE & JOHNSON PLLC*
P. O. Box 2190
Clarksburg, WV  26302-2190
(304) 624-8000
    *Attorneys for Defendant*
    *CONSOL Energy Inc.*

May 24. 2004 Marion County Circuit Clerk

## IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

SHEIRL FLETCHER,

    Plaintiff,

vs                                              CIVIL ACTION NO
                                                    JUDGE

CONSOL ENERGY, INC.,
a Delaware corporation,

    Defendant

FILED: 5-24-04

### COMPLAINT

TO THE HONORABLE JUDGE OF THE ABOVESAID COURT

        NOW COMES your Plaintiff, Sheirl Fletcher, and complains and alleges unto Your Honor as follows

        1  Plaintiff, Sheirl Fletcher, is and was, at all times pertinent herein, a resident of Morgantown, Monongahelia County, West Virginia,

        2  Defendant, Consol Energy, Inc., is a corporation incorporated under the laws of the State of Delaware, and is licensed to do business in Fairmont, Marion County, West Virginia,

        3  Consol Energy, Inc., is an employer within the meaning of West Virginia Human Rights Act,

        4  In June 1979, the Plaintiff was hired by the Defendant as an Environmental Technician,

        5  During her employment, she made it known to upper management that she was interested in the position of Vice President of Government Affairs,

6   In approximately August 2001, the Defendant created two positions of "Director of Governmental Affairs",

7   The Plaintiff applied for one of these two positions   However, the two positions were given to males, one from outside the company and the other from within the company,

8   At this same time, the Plaintiff was given the position of "Manager of Regulatory Affairs," at a salary substantially less than that of the Director of Governmental Affairs position,

9   On or about June 15, 2002, one of the two Directors of Governmental Affairs' employees resigned the position   The position was eliminated by the Defendant, rather than offer the position to the Plaintiff,

10   The Defendant employs a disproportionate number of females and minorities in upper management,

11   On November 6, 2002, the Plaintiff's position as Manager of Regulatory Affairs was eliminated   Additionally, the other position she qualified for that was vacant, the Director - Governmental Affairs, was also eliminated   These were the only two positions that were eliminated,

12   These two positions were selected solely as a means to eliminate the possibility of the Plaintiff, as a female, moving into upper management,

13   The Plaintiff's position was selected because the position was one filled by a female,

14   The Defendant's selective downsizing has a disproportionate impact on females, and also was designed to eliminate the advancement of females in the company,

May 24, 2004 Marion County Circuit Clerk

### Count I

15  The Plaintiff incorporates paragraphs 1 through 14 as if fully rewritten herein,

16  The Defendant, Consol Energy, Inc , was, at all relevant times, an employer within Marion County, West Virginia, as defined in West Virginia Code 5-11-9 Plaintiff herein was treated differently based upon her gender by the Defendant, as stated hereinabove,

17  The gender of the Plaintiff was the determinative factor in the Defendant's employment decision and the Defendant's articulated rationale was merely a pretext for gender discrimination,

18  Furthermore, the Defendant's employment policies and practice have a disparate impact upon females, and are not job related nor a business necessity,

### Count II

19  The Plaintiff incorporates paragraphs 1 through 18 as if fully rewritten herein,

20  The said acts of the Defendant went beyond all reasonable expectations and were outrageous, grossly negligent, willful and wanton, and/or intentionally done for the purpose to cause emotional distress to the Plaintiff, and are such acts that any reasonable person could foresee would cause considerable emotional and mental distress, anguish, pain and injury to your Plaintiff herein,

21  The acts and actions of the Defendant went beyond those of human decency and were contrary to what is accepted and allowed in our society today, consequently the Plaintiff is entitled to punitive damages from the Defendant,

WHEREFORE, Plaintiff, Sheirl Fletcher, prays judgment against Defendant, Consol Energy, Inc., for gender harassment and intentional infliction of emotional distress, and further prays for damages for her extreme emotional pain and suffering, humiliation, embarrassment, loss of enjoyment of life, lost wages, in excess of the jurisdiction of this Court, attorney's fees and costs, and for such other, further and additional relief as this Court deems just and proper. The Plaintiff demands punitive damages. The Plaintiff demands a trial by jury.

SHEIRL FLETCHER<br>
BY COUNSEL

AMY C. CROSSAN (SB 7150)
**BOUCHILLON, CROSSAN & COLBURN, L.C.**
731 FIFTH AVENUE
HUNTINGTON WV 25701
(304) 523-8451

*[signature]*

DAVID R. TYSON (SB 3828)
**TYSON & TYSON**
418 ELEVENTH STREET
HUNTINGTON WV 25701
(304) 529-2593

*[signature]*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

SHEIRL FLETCHER,

        Plaintiff,

v.                                               Civil Action No. _____

CONSOL ENERGY INC,
a Delaware corporation,

        Defendant.

## AFFIDAVIT OF JOSEPH D. NYPAVER

COMMONWEALTH OF PENNSYLVANIA,

COUNTY OF ALLEGHENY,

        Joseph D. Nypaver, being first duly sworn, deposes and says:

        1.        Affiant is over 21 years of age and a resident of the Commonwealth of Pennsylvania.

        2.        Affiant has been employed by CONSOL Energy Inc. as Manager - Human Resources since October 1, 1999.

        3.        Affiant submits this affidavit in support of CONSOL Energy Inc.'s Notice of Removal.

        4.        CONSOL Energy Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

5. Affiant is familiar with the compensation and benefits paid to Sheirl L. Fletcher during the years she was employed by CONSOL Energy Inc. and/or its affiliates.

6. Sheirl L. Fletcher's last day of employment by CONSOL Energy Inc. was November 15, 2002. Immediately prior to leaving the employment of CONSOL Energy Inc., Ms. Fletcher was paid an annual salary of $80,280.00. Additionally, Ms. Fletcher received fringe benefits estimated to be worth approximately 35% of the foregoing base salary.

7. Affiant has reviewed the complaint filed by Sheirl L. Fletcher in the Circuit Court of Marion County wherein Ms. Fletcher alleges that the actions of CONSOL Energy Inc. entitle her to recover for lost wages.

8. Affiant affirmatively states that, in his opinion, Ms. Fletcher does not have a valid claim for lost wages or any other alleged damages against CONSOL Energy Inc. Nevertheless, affiant further states that if Ms. Fletcher is claiming lost wages in this civil action, the calculation for lost wages from her last day of employment, November 15, 2002, to May 31, 2004 would be $167,082.00, assuming the following:

    (a) Annual salary of $80,280.00;

    (b) 18½ months loss of wages; and

    (c) 35% fringe benefit calculation.

9. Based upon the foregoing, as well as Ms. Fletcher's claim for punitive damages, attorney fees, and damages for intentional infliction of emotional distress, emotional pain and suffering, humiliation, embarrassment, and loss of enjoyment of life, affiant is of the belief, it is more likely than not, that the matter in controversy, exclusive of interest and costs, exceeds this Court's jurisdictional amount of $75,000.00.

And further the affiant saith not.

_____
Joseph D. Nypaver

Taken, subscribed and sworn to before me this the ___7 day of June, 2004.

My commission expires: _March 5, 2008_____

[NOTARIAL SEAL]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Esther E. Smoke, Notary Public
Upper St. Clair Twp., Allegheny County
My Commission Expires Mar. 5, 2008
Member, Pennsylvania Association of Notaries

_____
Notary Public

CL937126.1                           3

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

SHEIRL FLETCHER,

        Plaintiff,

v.                                    Civil Action No. _____

CONSOL ENERGY INC.,
a Delaware corporation,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the __23rd__ day of June, 2004, I served the foregoing "**NOTICE OF REMOVAL**" upon counsel of record, by depositing true copies thereof in the United States mail, postage prepaid, in envelopes addressed as follows:

    Amy C. Crossan, Esquire
    **BOUCHILLON, CROSSAN & COLBURN, LC.**
    731 Fifth Avenue
    Huntington, WV 25701

    David R. Tyson, Esquire
    **TYSON & TYSON**
    418 Eleventh Street
    Huntington, WV 25701

*/s/ Jill O. Florio*

CL937317.1