IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHEIRL FLETCHER,

      Plaintiff,

v.                                    Civil Action No. 1:04CV131
                                             (STAMP)

CONSOL ENERGY, INC.,
a Delaware corporation,

      Defendant.


**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

The plaintiff, Sheirl Fletcher, originally filed a complaint in the Circuit Court of Marion County, West Virginia. This case was then removed to this Court based upon diversity of citizenship. In plaintiff's complaint, she alleges that the defendant, Consol Energy, Inc. (hereinafter "CONSOL") subjected her to gender discrimination and intentional infliction of emotional distress in violation of the West Virginia Human Rights Act. On August 12, 2005, CONSOL filed a motion for summary judgment, to which the plaintiff responded and CONSOL replied. This motion is now fully briefed and ripe for review. After reviewing the parties' memoranda and the applicable law, this Court finds that CONSOL's motion for summary judgment should be granted.

II.  <u>Facts</u>

CONSOL is a producer of coal, gas and electricity with operations in seven states.  The plaintiff was employed by CONSOL in Osage, West Virginia from June 11, 1979 until November 15, 2002. Plaintiff was hired by CONSOL as an Environmental Technician and in 1992, she was promoted to Permit Coordinator.  In 1996, she was promoted to Environmental Engineer.  Plaintiff also ran for the West Virginia House of Delegates in 1996, but was not elected. After that unsuccessful campaign, plaintiff was appointed to the West Virginia Infrastructure Council by former Governor Cecil Underwood.

In 1997, plaintiff was offered the position of Vice President of Environmental Affairs at Anker Energy.  Plaintiff declined the job, in part, because she could not pursue election to public office.  Plaintiff also had a conversation with Steve Young of CONSOL in 1997, regarding her career with the company.  She expressed an interest in upper management within the Government Affairs Department.  Specifically, plaintiff expressed her desire to become Vice President of Government Affairs, upon Steve Young's retirement.  Mr. Young expressed concern regarding the plaintiff's desired employment in the Government Affairs Department because of the plaintiff's alleged affair with a married senior member of the West Virginia Legislature.  Plaintiff later discussed this possible career move with several individuals at CONSOL, including Chief

2

Executive Officer, Brett Harvey, and Vice President of Corporate Strategy, Walt Scheller.

In 1998, plaintiff was elected to the West Virginia House of Delegates. In 2001, plaintiff was promoted to Manager of Regulatory Affairs in CONSOL's Government Affairs Department. There were also two director positions created in the Government Affairs Department.[1] Gary Slagel was promoted from the Environmental Quality Control Department on August 1, 2001 and Scott Rotruck was hired from outside CONSOL on September 1, 2001. Steve Young had authority to promote and hire Fletcher, Slagel, and Rotruck. Mr. Slagel and Mr. Rotruck were both promoted to the positions of Director of Government Affairs and Ms. Fletcher was promoted to Manager of Regulatory Affairs. In the corporate hierarchy, the manager position required less responsibility and provided a lower salary than the director's position. This was plaintiff's first management position and her salary increased over $24,000 with the promotion.[2]

In 2002, CONSOL experienced financial difficulties. Brett Harvey, CONSOL's Chief Executive Officer, requested a review of all positions. He sent a memorandum implementing a hiring freeze,

---

[1]The Government Affairs Department began with Mr. Young and his secretary. Thus, the department grew from two people to five people with the addition of two directors and a manager.

[2]Ms. Fletcher's salary was $55,080 in her previous position and $79,200 after her promotion to Manager of Regulatory Affairs.

restricting travel, re-evaluating consulting agreements, and advising employees to use all existing supplies before purchasing more supplies. Further, CONSOL shut down eight mines and laid off approximately 1,200 employees. There were approximately 150 corporate positions eliminated.

At the end of June 2002, Scott Rotruck resigned as Director of Government Affairs. That position was not filled. On July 9, 2002, Mr. Young announced to Mr. Nypaver, Manager of Human Resources, his agreement to extend his contract through 2003. After consideration by Mr. Young and Mr. Harvey, the vacant director's position and plaintiff's position were eliminated. These two positions were the only positions eliminated in the Government Affairs Department. Plaintiff's last day of employment at CONSOL was November 15, 2002.

### III.   Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come

4

forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery.  <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992).  In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

IV.  <u>Discussion</u>

CONSOL argues that this case should be summarily dismissed because:  (1) any claim of gender discrimination is time barred; (2) plaintiff cannot establish a <u>prima facie</u> case of gender discrimination; and (3) plaintiff cannot establish that defendant's conduct was outrageous and, therefore, fails as a matter of law.  In response, the plaintiff contends that her failure to promote claim is not time barred.  Plaintiff also states that there are genuine issues of material fact with respect to the existence of gender discrimination.[3]  Specifically, plaintiff argues that there is sufficient evidence to infer that an adverse employment decision was linked to her gender.  Plaintiff asserts that she was not considered for a position in Mr. Young's department, and thus, he did not want a female to succeed him.

---

[3]In plaintiff's response to defendant's motion for summary judgment, she withdrew her tort of outrage claim.

6

The defendant replies that the plaintiff fails to provide an adequate defense to the statute of limitations argument. Further, defendant argues that plaintiff failed to provide sufficient evidence to establish a material issue of fact regarding the third element of a <u>prima facie</u> case that, but for the plaintiff's gender, the adverse employment decision would not have been made.

A.    <u>Prima Facie Claim of Gender Discrimination</u>

In order to establish a <u>prima facie</u> case of gender discrimination under the West Virginia Human Rights Act, the plaintiff must prove that: (1) the plaintiff is a member of a protected class; (2) the employer made an adverse decision concerning the plaintiff; and (3) but for the plaintiff's protected status, the adverse decision would not have been made. W. Va. Code § 5-11-1, <u>et seq</u>.   <u>See</u> <u>Dawson v. Allstate Ins. Co.</u>, 433 S.E.2d 268 (W. Va. 1993).

In the present case, Ms. Fletcher has satisfied the first two requirements for proving a <u>prima facie</u> case of gender discrimination. Ms. Fletcher is a female and her position was eliminated at CONSOL.[4]   It is the third requirement that is in dispute.

_____

[4]Defendant states that an alternate job offer, with similar pay, was made to the plaintiff when her position was eliminated. Plaintiff disputes this fact. Defendant concedes that solely for the purposes of its motion for summary judgment, the Court should presume as true plaintiff's allegation regarding defendant's adverse employment decision. (Def.'s Mot. Summ. J. at 14.)

Defendant CONSOL asserts that plaintiff could not prove that "but for" her gender, the adverse decision would not have been made to eliminate her position. (Def.'s Mot. Summ. J. at 14). Defendant contends that plaintiff has failed to provide any direct evidence of an intent to discriminate based upon gender. Id. Defendant maintains that plaintiff's circumstantial evidence and subjective opinion do not withstand summary judgment. Id. at 15. This Court finds no direct evidence that CONSOL discriminated against plaintiff based upon gender. However, there is often little direct evidence available to prove discrimination. See Conaway v. Eastern Associated Coal Corp., 358 S.E.2d 423, 429 (W. Va. 1986).

The plaintiff asserts that she has provided sufficient evidence to permit this Court to infer that defendant's adverse employment decision was linked to her gender. Plaintiff asserts that while she was appointed to the West Virginia Infrastructure Council, served in the House of Delegates, and graduated from the Leadership West Virginia Program, she was never placed on Mr. Young's chart of potential successors.[5] Plaintiff asserts that other less qualified male candidates were placed on Mr. Young's secession chart.[6] Plaintiff also asserts that, after being

---

[5]Each department kept a list of people that might be utilized in the company, referred to both as a succession chart and "hi pot" file. (Def.'s Mot. Summ. J. Ex. S at 78-9.)

[6]There is no evidence provided to establish this assertion.

8

promoted in 2001, she was given the manager's position, instead of the director's position, because she was a female.   Plaintiff argues that this is sufficient evidence of gender discrimination.

This Court finds that there is not sufficient evidence to prove gender discrimination.   Plaintiff fails to provide evidence that less qualified male applicants were listed on Mr. Young's succession chart instead of the plaintiff.   It is undisputed that Fletcher was not on Mr. Young's succession chart.   However, Mr. Young testified that he did not use a succession chart after Ms. Fletcher was promoted to the Government Affairs Department.   Thus, no one was placed on the chart after Ms. Fletcher was promoted into that department.

Further, Ms. Fletcher fails to provide evidence that she did not receive the Director's position because she was a female.   The record indicates that both Mr. Slagel and Mr. Rotruck were well qualified for the position.   Mr. Slagel was hired in 1976, and served as a manager with the company for over nine years and as Director of Environmental Regulatory Affairs for nearly twelve years.   Mr. Rotruck had served as a registered lobbyist in Maryland, Virginia, West Virginia and on a federal level.   He had previously been employed as Economic Development Director and Senior Advisor at West Virginia University, along with various other management positions with Anker Energy and Hercules Aerospace.   Further, Mr. Young had extensive contact with Mr.

Slagel and Mr. Rotruck before he offered them the Director's position. Mr. Young's professional experience with Ms. Fletcher was limited. Her qualifications also varied from Mr. Slagel's and Mr. Rotruck's qualifications.[7]    Plaintiff does not provide evidence to the contrary.

Plaintiff merely provides her opinion regarding her employment at CONSOL. Plaintiff states that it is undisputable that she is an asset to the Governmental Affairs Department.[8]  (Pl.'s Resp. at 14.) She further asserts that "[t]here is no question that Mr. Young would not have judged a male in this same situation as critically or harshly." (Pl.'s Resp. at 15.) Plaintiff fails to provide any evidence supporting these assertions. Plaintiff's statements do not constitute evidence that can be used to infer gender discrimination. See Mackey v. Shalala, 360 F.3d 463, 469-70 (4th Cir. 1996)("A plaintiff's own self-serving opinions, absent anything more, are insufficient to establish a prima facie case of discrimination.") cert. denied sub. nom. Mackey v. Thompson, 125 S. Ct. 109 (2004). Thus, plaintiff fails to provide sufficient evidence to survive a motion for summary judgment.

---

[7]It is important to note that one distinguishing factor between the three employees is that Rotruck and Slagel had held management positions either at CONSOL or similar corporations, while Fletcher had never held a management position.

[8]Plaintiff also discusses her loyalty to CONSOL. This does not have any bearing upon the issue at hand and is merely plaintiff's opinion of why she was an asset to CONSOL.

B.   <u>Non-Discriminatory Reason for Discharge</u>

If plaintiff could establish a <u>prima facie</u> case, then the burden would shift to the employer to provide a non-discriminatory reason for discharge.[9]   <u>Conway v. Eastern Associated Coal Corp.</u>, 358 S.E.2d 423 (W. Va. 1986).  This Court finds that the defendant provides sufficient evidence that the company terminated Ms. Fletcher due to financial constraints.

In 2001, Ms. Fletcher was promoted to Manager of Regulatory Affairs, which was her first management position.  She had been in this position for about eighteen months when she was terminated. Defendant contends that plaintiff's position was eliminated due to financial hardships that led to a company-wide reduction of employees.  (Def.'s Mot. Summ. J. at 16).

As noted above, the record reveals that in 2002, CONSOL experienced financial difficulties.  Brett Harvey implemented a hiring freeze, restricted travel, re-evaluated consulting agreements, and advised employees to use all existing supplies before purchasing more supplies.  Further, CONSOL shut down eight

---

[9]Plaintiff would normally have to meet its burden of proof regarding the <u>prima facie</u> case of gender discrimination and then the burden would shift to the defendant.  Plaintiff fails to meet her burden.  However, defendant had already provided sufficient evidence regarding the non-discriminatory reason for plaintiff's termination.  This Court addresses this issue because the evidence is important to the  discussion of defendant's motion for summary judgment.

11

mines and laid off approximately 1,200 people.  Most of the positions eliminated involved male employees.  (Def.'s Ex. 18.)

Plaintiff was one of the first employees to be terminated but she was not the only employee terminated.  There were approximately 150 corporate office positions eliminated.[10]  (Def.'s Reply Br. Ex. 2 at 39-40).  Thus, positions were eliminated over the entire corporate structure.  Plaintiff's position was not the only management position eliminated.

CONSOL provides sufficient evidence that there were economic constraints at the time to require a reduction in force.  Ms. Fletcher's position was eliminated through this reduction in force. Plaintiff failed to provide evidence to the contrary.  This Court finds that CONSOL provided sufficient evidence that plaintiff was terminated due to economic difficulties and not because of her gender.

Further, the fact that Mr. Young is the one who offered her a promotion in his department and assisted in her termination suggests that the termination was not pretextual.  See Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991)(When the same individual hires and fires an employee, within a short period of time, that individual knows that the employee is within a protected class.

---

[10]Defendant provided records regarding employee layoffs.  The record indicates that both filled and vacant positions were eliminated throughout CONSOL's corporate departments.  (Def.'s Ex. 18.)

"[T]his fact creates a strong inference that the employer's stated reason for acting against the employee is not pretextual."). Plaintiff has failed to provide sufficient evidence to establish a prima facie case of gender discrimination and defendant has clearly provided a non-discriminatory reason for plaintiff's termination. Thus, defendant's motion for summary judgment should be granted.

C.   Statute of Limitations

This Court need not address the remaining issue regarding whether Ms. Fletcher's claims were time-barred by the statute of limitations or whether the doctrines of equitable tolling or equitable estoppel apply because plaintiff's claim failed to establish a prima facie case of gender discrimination.

V.   Conclusion

Because the defendant has set forth sufficient evidence to demonstrate to this Court that there is an absence of a genuine issue of material fact with respect to each of the plaintiff's claims, the defendant's motion for summary judgment is hereby GRANTED pursuant to Rule 56(e).   This action is DISMISSED and STRICKEN from the docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.   Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     November 30, 2005


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE